## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **GEORGETTE S. LITTLE**<br><br>    **Plaintiff,**<br><br>**V.**<br><br>**CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **CIVIL ACTION NO. 5:14-CV-262-KKC**<br><br><br>**<u>OPINION AND ORDER</u>** |

\* \* \* \* \* \* \*

The plaintiff Georgette S. Little brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for child's insurance benefits based on disability and for supplemental security income.

To be entitled to child's insurance disability benefits, the claimant must have a disability that began before the claimant reached 22 years of age. 20 C.F.R. 404.350(a)(5).

Little was born on December 4, 1985 and thus, she had not attained age 22 as of January 1, 2005, the alleged onset date. Nevertheless, the ALJ determined that Little was not disabled and, accordingly, denied Little's claim.

The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Little's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Little has not engaged in substantial gainful activity since January 1, 2005, the alleged onset date. (Administrative Record ("AR") at 13.)

At step two, the ALJ determined that Little suffers from the following severe impairments: an anxiety disorder, blindness of the right eye, and headaches. (AR at 13.)

At step three, the ALJ found that Little did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 16.)

Before proceeding to step four, the ALJ determined that Little had the residual functional capacity (RFC) to perform "a limited range of medium work" as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c) with the following limitations:

> She can occasionally lift and carry 50 pounds, frequently 25 pounds or medium exertional work activities. The claimant requires low stress work with simple, repetitive one-two-three step entry level work.  There must be no public contact and contact with coworkers and supervisors must be infrequent, brief and casual. There must be no teamwork involved, no requirement for binocular vision and work must be performable with good vision in one eye. The claimant requires work with objects, not people.

(AR at 18.)

At step four, the ALJ found that Little had no past relevant work. (AR at 22.)

At step five, the ALJ determined that, given the RFC described above, Little can perform jobs that exist in significant numbers in the national economy and, thus, she is not disabled. (AR at 22.)

2

## ANALYSIS

Little argues that the ALJ erred by failing to conduct a detailed analysis of whether Little

meets the criteria to be deemed intellectually disabled under the listed impairments set forth in

20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 12.05B and 12.05C.

In order for a person to meet the listing for "intellectual disability," her impairment must

satisfy the "diagnostic description in the introductory paragraph" of listing 12.05 and any one of

the four sets of criteria set forth in paragraphs A through D. 20 C.F.R. Part 404, Subpart P,

Appendix 1, § 12.00A.  The introductory paragraph requires "significantly subaverage general

intellectual functioning with deficits in adaptive functioning initially manifested during the

development period; i.e., the evidence demonstrates or supports onset of the impairment before

age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05.

Section 12.05B requires a "valid verbal, performance or full scale IQ of 59 or less." Section

12.05C requires a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or

other mental impairment imposing an additional and significant work-related limitation of

function."

While it is true that the ALJ did not specifically cite 12.05B or 12.05C in his opinion, he

discussed the criteria.  He recognized that, in 2006, Courtney Spear, M.A., performed a

consultative psychological examination and determined that Little had a full-scale IQ score of

54, a performance IQ score of 58, and a verbal IQ score of 6. (AR at 14.) Nevertheless, the ALJ

gave this finding "minimal weight."  He noted that Spear found that Little generally "adopted a

'poor, poor, pitiful me' persona during the testing. (AR at 549.) Spear also noted inconsistencies

in Little's complaints and her adaptive functioning. For example, Little has a valid driver's

license and drove 80 miles and "over rather bad roads" to the examination but reported that she

3

was blind in one eye; she signed her name in cursive on her license but wrote poorly on the day of the assessment. (AR at 550, 551.) Spear felt that "motivation" may have affected Spear's performance during the assessment. (AR at 550.)

In discounting Spear's findings, the ALJ also noted that, Dr. Andrew Jones, a clinical psychologist, examined Little and the results indicated "mild to moderately impaired" cognitive functioning. (AR at 593.)  Jones further noted that Little's performance on Rey testing possibly indicated "symptom amplification and embellished memory function." (AR at 595.)  Thus, the ALJ gave good reasons for discounting the results of Spear's examination.

Even if the ALJ had accepted the IQ scores reported by Spears, however, the ALJ determined that Little did not exhibit deficits in adaptive functioning as required by the introductory paragraph of § 12.05. "Adaptive functioning includes a claimant's effectiveness in areas such as social skills, communication, and daily living skills." *West v. Com'r Soc. Sec. Admin.*, 240 F. App'x 692, 698 (6th Cir. 2007). The ALJ determined that "the record reflects significant adaptive functioning.  Specifically, the claimant retains the ability to drive, perform household chores, care for a child and shop as well as count change, cook and independently satisfy personal care needs without reminders." (AR at 21.)

This finding was supported by substantial evidence. The ALJ noted that Dr. Edward Stodola, state agency psychologist, found that, although Little's IQ scores were in the range for mental retardation, that finding "is not supported by past and current adaptive functioning. At this time, she drives, shops, manages funds, performs routine tasks, cares for herself, and socializes without marked mental limitations – all at a level that is not consistent with a FSIQ of 58." (AR at 555.)  Little does not dispute these findings or otherwise address the ALJ's determination that

4

she did not exhibit the deficits in adaptive functioning required by the introductory paragraph of § 12.05 .

Little next argues that the ALJ erred in failing to include all of Dr. Jones' conclusions in the RFC.  Dr. Jones concluded that Little exhibited "mild to moderately impaired cognitive functioning." (AR at 593.) Dr. Jones opined that Little "demonstrated the ability to comprehend and remember one/two step instructions" (AR at 596.) Jones concluded that Little "does not presently possess the psychological/mental skills and coping mechanisms to adapt or respond to pressures normally found in occupational settings and characteristic of a daily work atmosphere." (AR at 597.)

The ALJ's RFC adequately reflected these restrictions. Again, the ALJ limited Little to "low stress work with simple, repetitive one-two-three step entry-level work." The ALJ further limited Little to "no public contact and contact with coworkers and supervisors must be infrequent, brief and casual" and "[t]here must be no teamwork involved. . .The claimant requires work with objects, not people." (AR at 18.)

It is true that, while Dr. Jones opined that Little could comprehend and remember "one/two step instructions," the RFC limited Little to "one-two-three step entry level work." Little does not assert, however, that this distinction affected the disability determination. The jobs identified by the vocational expert were all unskilled, meaning that they need "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Thus, limiting Little to only two-step instructions would not have changed the vocational expert's conclusion.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 16) is **DENIED**;

2. The defendant's motion for summary judgment (DE 19) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 22, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY